NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

SEBASTIEN LEIGH ECCLESTON,

        Petitioner

   v.

DAVID ORTIZ,

        Respondent
_____

Civ. No. 20-7042 (RMB)

**OPINION**

BUMB, United States District Judge

This matter comes before the Court upon Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241, four addenda (Pet., Dkt. No. 1, Addenda, Dkt Nos. 2-6) and his application to proceed without prepayment of the filing fee. ("*in forma pauperis*" or "IFP") (IFP App., Dkt. No. 1-1.) 28 U.S.C. § 1915(a)(2) requires

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Petitioner did not submit a certified copy of this trust fund account statement. Therefore, the Court will administratively

terminate this action pursuant to Local Civil Rule 54.3,[1] subject to reopening upon receipt of either the $5 filing fee for a habeas petition or the certified trust fund account statement required by 1915(a)(2).

Petitioner should also be aware that pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[2], the judge must promptly examine the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." § 2254, Rule 4. If Petitioner were to reopen this action by paying the filing fee or submitting his certified trust fund account statement, the Court would order Respondent to answer only one ground for relief alleged in the Petition and Addenda.

---

[1] Local Civil Rule 54.3(a) provides:

> (a) Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

[2] Rule 4 is applicable to habeas petitions under 28 U.S.C. § 2241 under Rule 1, scope of the rules. § 2254, Rule 1.

I.   BACKGROUND

Petitioner Sebastien Leigh Eccleston, a prisoner incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey, is challenging his conviction by plea agreement on May 3, 1996 in the United States District Court, District of New Mexico, Criminal No. 95-0014(JB). (Pet., Dkt. No. 1.)

> On May 3, 1996, Eccleston pled guilty to four counts: (i) carjacking in violation of 18 U.S.C. § 2119(1), and aiding and abetting in violation of 18 U.S.C. § 2; (ii) "us[ing and carry[ing] a firearm ... during and in relation to a crime of violence," carjacking, in violation of 18 U.S.C. §§ 924(c) and 2119(1), and aiding and abetting in violation of 18 U.S.C. § 2; (iii) "obstruct[ing], delay[ing] and affect[ing], and attempt[ing] and conspir[ing] to obstruct, delay and affect commerce ... by robbery ... in that [Eccleston] did unlawfully take and obtain personal property" from Karen Kuepers "by means of actual and threatened violence, and fear of injury, in violation of 18 U.S.C. 1951(a) and aiding and abetting in violation of 18 U.S.C. 2"; and (iv) "us[ing [and carry[ing] a firearm ... during and in relation to a crime of violence," in violation of 18 U.S.C. §§ 1951(a) and 924(c) and aiding and abetting in violation of 18 U.S.C. § 2.

United States v. Eccleston, No. CIV 19-1201 JB\CG, 2020 WL 4557094 (D.N.M. July 28, 2020). After sentencing, Petitioner extensively challenged his conviction and sentence in direct and collateral appeals. Id., n. 1. Most recently, Petitioner's sentencing court denied his successive § 2255 motion under United States v. Davis,

3

139 S. Ct. 2319 (2019), in which the Supreme Court held that § 924(c)'s residual clause is unconstitutionally vague. Id.

II. DISCUSSION

    A.   The Petition

Petitioner alleges the following grounds for relief in his petition:

1. Failure to state an offense. Defendant is currently detained illegally. Indictment does not charge that defendant knowingly and willingly interfered with commerce. (citing Taylor v. U.S., 136 S. Ct. 2074 (2016)).

2. Actual innocence … The Defendant is actually innocent of Count 5 & 6 of the Second Superseding Indictment because Count 5 fails to state an offense and Count 6 for 924(c) is premised on Count 5, Count 6 does not charge second or subsequent for 924(c).

3. Court lacked jurisdiction. The Defendant was charged for aiding abetting the principal Ronald Martinez who was not found guilty of Count 5 & 6 and therefore the defendant can not be guilty of conduct the principal was not found guilty of….

4. Challenge to legality of custody. § 2255 would be inadequate or ineffective. Taylor is a substantive criminal law ruling by the Supreme Court and Defendant is actually innocent of Counts 5 & 6.

(Pet. ¶13, Dkt. No. 1.)

In his first Addendum ("Addendum No. 1"), Petitioner adds the following claims:

1. Indictment failed to allege element of interstate commerce (knowingly and willingly).

2. The defendant asserts a Bailey v. United States 516 U.S. 137 (1995) violation as it pertains to Counts 5 & 6 of the Second Superseding Indictment due that the firearm

4

>in question in Count 6 was not "used" but only "possessed" at the scene of the crime.

(Addendum No. 1, Dkt. No. 1-2.)

In his second Addendum ("Addendum No. 2"), Petitioner asserts

>In Rosemond [v. United States, 133 S. Ct. 2734 (2013)] the U.S. Supreme Court made a substantive rule alteration in the range of conduct or the class of persons the law can punish. Nowhere in the indictment or information or plea agreement does it ever state that the defendant Sebastien Eccleston, knowingly and willingly aid and abet the principal Ronald Martinez.

(Addendum No. 2, Dkt. No. 2 at 1-2.)

Petitioner, in his third Addendum ("Addendum No. 3"), alleges that the Court lacked jurisdiction because the Indictment lacked a nexus to Interstate Commerce for Hobbs Act robbery. (Addendum No. 3, Dkt. No. 3.) Finally, in his fourth Addendum ("Addendum No. 4"), Petitioner maintains that his plea was not knowing, intelligent and voluntary because he "did not know he was being enhanced as a repeat offender for a firearm that was not 'used' in the second or subsequent offense for Hobbs Act robbery, under 924(c), at the time of the plea." (Addendum No. 4, Dkt. No. 6 at 2.)

B. <u>Analysis</u>

1. <u>The § 2255(e) Saving Clause</u>

Congress enacted 28 U.S.C. § 2255 to replace traditional habeas corpus under § 2241 for federal prisoners, for the purpose of allowing prisoners to file motions seeking collateral review of

5

their sentences in the sentencing court rather than in the district of confinement. Bruce v. Warden Lewisburg, 868 F.3d 170, 178 (3d Cir. 2017). A federal prisoner must seek collateral review of his conviction or sentence under § 2255, unless the prisoner can establish that the saving clause of § 2255(e) is applicable. Id. The saving clause applies when the remedy by motion under § 2255 is inadequate or ineffective to test the legality of a prisoner's sentence. Bruce, 868 F.3d at 178 (citing § 2255(e)).

In 1996, Congress added significant gatekeeping provisions to § 2255, restricting second or successive § 2255 motions solely to instances of "newly discovered evidence" or "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. at 179 (quoting § 2255(h)). Congress did not address how a prisoner could raise a claim on collateral review that the federal criminal statute he was convicted for violating has since been interpreted more narrowly. Id. Thus, the Third Circuit determined that "in the unusual situation where an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review, he may seek another round of post-conviction review under § 2241." Id. (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).

To proceed under § 2241, two conditions must be met: (1) a prisoner must assert a claim of actual innocence because he is detained for conduct subsequently rendered non-criminal by an intervening Supreme Court precedent that, as found by the Third Circuit, applies retroactively in cases on collateral review; and (2) the prisoner must be barred from challenging the legality of his conviction under § 2255; in other words, the prisoner "'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.'" Cordaro v. United States, --- F.3d---, 2019 WL 3542904, at *5 (3d Cir. Aug. 5, 2019) (quoting In re Dorsainvil, 119 F.3d at 252.)

    2.    Whether Petitioner's Claims Fall Within the Saving Clause of § 2255(e)

Petitioner relies on Taylor v. United States to use the saving clause in § 2255(e). In Taylor, the Supreme Court stated

> Our holding today is limited to cases in which the defendant targets drug dealers for the purpose of stealing drugs or drug proceeds. We do not resolve what the Government must prove to establish Hobbs Act robbery where some other type of business or victim is targeted.

Taylor, 136 S. Ct. at 2082. Petitioner's conviction did not involve targeting drug dealers for the purpose of stealing drugs or drug proceeds. See Eccleston, 2020 WL 4557094 (D.N.M. July 28, 2020). Therefore, Petitioner cannot use the § 2255(e) safety valve to bring his claim under § 2241.

Petitioner also relies on Bailey v. United States, 516 U.S. 137 (1995) to bring a claim under § 2241. Petitioner pled guilty in May 1996; therefore, Bailey is not an intervening Supreme Court precedent.

Petitioner further seeks to bring a claim under Rosemond. In Rosemond, the Supreme Court held

> A federal criminal statute, § 924(c) of Title 18, prohibits "us[ing] or carr[ying]" a firearm "during and in relation to any crime of violence or drug trafficking crime." In this case, we consider what the Government must show when it accuses a defendant of aiding or abetting that offense. We hold that the Government makes its case by proving that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission.

Rosemond v. United States, 572 U.S. 65, 67 (2014). The Third Circuit has not yet addressed whether a claim based on Rosemond may be brought under § 2241. Solomon v. Warden Lewisburg USP, 764 F. App'x 140, 142 (3d Cir. 2019). Therefore, the Court would order Respondent to file an Answer to Petitioner's claim based on Rosemond. The remainder of Petitioner's claims fail to meet the two-part test for jurisdiction under § 2241, that a retroactive, intervening Supreme Court precedent renders his conduct of conviction no longer criminal and that he is barred from bringing the claim under § 2255.

8

III. CONCLUSION

Because Petitioner has not paid the filing fee or submitted a properly completed IFP application, the Court will administratively terminate the § 2241 petition, subject to reopening.

An appropriate Order follows.

**Date: August 17, 2020**

                                      s/Renée Marie Bumb
                                      **RENÉE MARIE BUMB**
                                      **UNITED STATES DISTRICT JUDGE**